## THE STATE v. EDWARD COURT, Appellant.

**Division Two, February 12, 1910.**

1. **LARCENY: Recent Possession: Presumption.** Where property has been stolen and recently thereafter it is found in the possession of another, such other is presumed to be the thief; and in the absence of other rebutting evidence, if he fail to account for his possession of such property in a manner consistent with his innocence, this presumption becomes conclusive against him. And in this case defendant set at rest the question of his actual possession of the watch which was found in his washstand drawer, by immediately asking his wife, "You remember me giving a fellow a dollar on that watch last night?"

2. **FORMER CONVICTION: Sufficient Evidence: Same Name.** Identity of name is prima-facie evidence of identity of person; and where the record of the same court shows a former conviction of a defendant of the same name and no evidence is offered to rebut this prima-facie case, that record is properly admitted in evidence to prove that defendant had previously been convicted of a crime.

225 Sup—39

3. REMARKS OF CIRCUIT ATTORNEY: No Exception. It was improper for the circuit attorney to refer to the failure of the defendant when on the stand to testify in regard to certain statements made by an officer who was a witness against him; but if there was no ruling of the court when defendant's counsel said "I object," and no exception was saved to the failure of the court to rule, the point is not open for review upon appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Henry M. Walsh* for appellant.

(1) There was no affirmative evidence to prove a larceny. State v. Keeland, 90 Mo. 337. The prosecution must establish each of the essential elements of the crime. To constitute a larceny there must be a trespass. State v. Stone, 68 Mo. 101. Larceny cannot be committed, generally speaking, unless the taking is against the will of the owner. State v. Miller, 174 Mo. 518; State v. Storts, 138 Mo. 127. Possession of another's property is not in any way evidence that the possessor stole it, where there is no independent evidence of any theft. State v. Sasseen, 75 Mo. App. 197. (2) There is no evidence to show the connection between the defendant and the Edward Court whose record was introduced by the clerk, Robert Walker, for the purpose of establishing the proof of the State's charge, that the defendant is an habitual criminal. State v. Keeland, supra. (3) The comment of the circuit attorney in his closing address to the jury, as to the failure of the defendant to call his wife to testify, is against the statute. It was error to allow the prosecuting attorney, over the objection of the defendant and without rebuke from the court, to comment on what the defendant might have testified about, but did not, when on the witness stand. State v. Graves, 95 Mo. 510; State v. Elmer, 115 Mo. 401; State v. Fairlamb, 121 Mo. 137; State v. Guinn, 174 Mo. 680.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1)   At first the defendant denied having the watch, and after it was found in his possession in the washstand drawer, hid between certain articles of clothing, he then said to his wife, "You remember me giving a fellow a dollar on that watch last night?" Where property has been stolen, and recently thereafter it is found in the possession of another, such person is presumed to be the thief, and, in the absence of other rebutting evidence, if he fail to account for his possession of such property in a manner consistent with his innocence this presumption becomes conclusive against him. State v. Wright, 199 Mo. 166; State v. Walker, 194 Mo. 253; State v. Williams, 54 Mo. 170; State v. Jennings, 81 Mo. 185; State v. Kelly, 73 Mo. 608; State v. Sidney, 74 Mo. 390; State v. North, 95 Mo. 615; State v. Crank, 75 Mo. 406.   The taking of money or property may be either actually or constructively without the consent of the owner. State v. Littrell, 170 Mo. 13; State v. Waghalter, 177 Mo. 676.   There is direct and positive evidence in this case that the watch was stolen from said Green while he was unconscious.   State v. Moore, 101 Mo. 331. (2)   The identity of name is prima-facie evidence of identity of person, and it devolves upon him who denies the identity to overcome the presumption.   Hunt v. Searcy, 167 Mo. 167; Long v. McDow, 87 Mo. 197; Hoyt v. Davis, 21 Mo. App. 235.   (3)   Complaint is made by appellant that the circuit attorney made certain prejudicial comments, in his closing argument to the jury, with regard to what appellant could have testified to but did not.

GANTT, P. J.—This is a prosecution by information for the larceny of one gentleman's open-face gold watch, the property of Edward Green, of the value

of seventy-five dollars, at the city of St. Louis, on October 20, 1907.

There was also an allegation in the information of a previous conviction of the defendant of attempted robbery in the first degree, and of a lawful compliance with the said sentence.

The testimony tended to show that the prosecuting witness, Green, was a fireman on the Frisco Railroad, and at times acted as engineer during the summer and fall of 1907; that on Sunday afternoon, October 20, 1907, said Green left his residence at number 3868. Shaw avenue and went to number 512 Spruce street, where the defendant was engaged in the sale of liquor. Green first stopped at a restaurant, where he was joined by a man by the name of Rose, and another party who knew of defendant's place of business. These three went to defendant's place of business about 6:30 o'clock that evening, they were there about twenty minutes, and during that time each took three drinks of whisky. On leaving, Green asked the defendant if defendant would admit him to his house again if he returned that evening, and defendant agreed to do so. Green returned alone to this place about 9:15 that night. He bought one drink of whisky and sat down by a table, and in the course of a few minutes the wife of the defendant came in and the following conversation took place. She asked Green if he ordered beer and he replied, ''No, I did not order anything,'' and she said, ''That is all right, this is on the house,'' and he said, ''Very well, I will take a little whisky,'' and she brought him over about half a glass of whisky and a glass of water, and he drank it, and that is the last he remembered. Green is positive that he had his watch when he went to this house the second time that night, and he knew nothing further after taking the second glass of whisky at the insistence of the defendant's wife, until he was ejected from the building about 12 o'clock that night. On

reaching the street he seemed to have recovered his consciousness and felt for his watch and missed it. Thereupon he went back and took the number of the defendant's place of business and went to the Four Courts and notified the police and returned between one and two o'clock with the officer. When the police officers and Green reached defendant's house and knocked on the door defendant's wife came and first refused to admit them. On being informed that the officer would break down the door, they were admitted and found the defendant in bed undressed. The police officer testified that on the 21st of October, 1907, to his best recollection, Sergeant Anton, Officer Gemmer and himself went to the defendant's house, knocked on the door and defendant's wife came to the door and let them in; defendant was in bed, the sergeant told him to put on his clothes. Defendant said: "What is this pinch for?" Sergeant said, "Never mind, put on your clothes," and he again asked, "What is this pinch for?" and the sergeant then said, "We want that watch you got, belonging to this man." Defendant said, "You got the wrong rack, I have not got any watch." And thereupon the officer began to search the room. There was a little washstand there and the officer, Stevison, started to search that and opened the drawers, and between some underwear and stuff in it found the watch and handed it to Sergeant Anton. At this juncture the defendant turned to his wife and said: "You remember me giving the fellow a dollar on that watch last night?" Thereupon they arrested the defendant and took him to the station.

The watch was engraved on the outside with Green's initials. The evidence tended to show the watch was worth seventy-five dollars, and it was fully identified on the trial by the prosecuting witness, Green. The indictment and judgment of conviction for attempted robbery as pleaded in the information was also offered in evidence, and a certificate from

the warden of the penitentiary showing his discharge on that former conviction. The jury returned a verdict of guilty and assessed the defendant's punishment in the penitentiary at a term of five years. Motions for new trial and in arrest of judgment were filed and overruled and defendant appeals.

I. The defendant insists that there was no affirmative evidence to prove the larceny. Of course there can be no larceny without a taking of the property against the will of the owner, but defendant seemingly shuts his eyes to the fact that the proof established beyond a reasonable doubt that the prosecuting witness, Green, had his watch on his person in his place of business after nine o'clock of the night on which it was stolen, and that the evidence discloses that immediately after taking the drink of whisky at the solicitation of the defendant's wife and in the presence of the defendant, the prosecutor became unconscious, and that afterwards when he was put out of the house about midnight, he at once discovered the loss of his watch and made complaint to the officer, who in a short time went with him to the defendant's saloon, and there the watch was discovered hidden in a room of which the defendant was the possessor, and in this connection the proof subsequently shows that when the watch was found in this room in which the defendant was sleeping, the defendant at once said to his wife, "You remember me giving a fellow a dollar on that watch last night?" thus settling the question of the defendant's actual possession of the watch at the time the officer found it in his room. Under these circumstances the presumption arising from the recent possession of stolen property is invoked by the State. Where property has been stolen and recently thereafter it is found in the possession of another, such other person is presumed to be the thief, and in the absence of other rebutting evidence if he fail to account for his possession of such prop-

erty in a manner consistent with his innocence this presumption becomes conclusive against him. [State v. Kelly, 73 Mo. 608; State v. Walker, 194 Mo. 253; State v. Wright, 199 Mo. 166.] Under the overwhelming evidence in the case there was no necessity of further proof of an actual taking and this point must be ruled against the defendant.

II. It is next insisted that there was no evidence to connect the defendant in this case with the defendant the record of whose conviction was offered in evidence to sustain a charge in the information of a previous conviction. The record offered in evidence was of a conviction of Edward Court in the city of St. Louis of the crime of attempted robbery in the first degree at the June term, 1899, of the circuit court of the city of St. Louis. As said by this court in State v. Moore, 61 Mo. l. c. 279: "It is true the magistrate could not state whether the Mary Cavender who was produced in court was the same person with whom the marriage of defendant took place, but this was not necessary. Identity of name is prima-facie evidence of identity of person, as this court has held on more than one occasion. In addition to that, the marriage with Mary Cavender was not controverted, and it was proved by one witness, who had known her from girlhood, that she lived in Dade county, where the marriage of defendant took place, and was known by the name entered on the docket of the justice as having been married to defendant." In this case not only did the evidence show the conviction of Edward Court of attempted robbery in 1899, but that evidence goes further and establishes his conviction in the city of St. Louis, the same city in which the defendant was convicted in this case and in the same court. When these facts are taken in consideration and the further fact that the defendant offered not a word of testimony to rebut the prima-facie evidence of identity

with the Edward Court, who had been convicted in the same city and court of robbery, we think his contention is without merit.

III.   There is no merit whatever in the claim that the value of the watch was not fixed by competent evidence.   [State v. Maggard, 160 Mo. 469.]

IV.   The verdict, while slightly irregular, was in all substantial respects sufficient and responsive to the allegation of the information.

V.   As to the complaint that the circuit attorney made prejudicial comments in his closing argument, we have carefully read that portion of the circuit attorney's argument copied into the brief of the defendant and find nothing which transcends legitimate comment, with the exception of a reference in one place to a failure of the defendant when on the stand to testify in regard to certain statements made by the officer who was a witness against him.   As to that, however, there was no ruling of the court and no exception saved to the failure of the court to rule, and of course it is not open for review under these circumstances.   It will not suffice for counsel to say, "I object and except," without any ruling upon the part of the court.   When the prosecuting attorney did make a reference to the failure of the wife to testify, the court at once promptly stopped the prosecuting attorney and rebuked him and directed the jury to disregard the reference to the wife and cautioned the prosecuting attorney not to refer to her any more.

In view of the prompt action of the court and its rebuke, we are unwilling to say that this verdict should be set aside on that ground.   The testimony, if believed by the jury, as it evidently was, was amply sufficient to sustain the conviction, and the judgment of the circuit court is therefore affirmed.

*Burgess* and *Fox, JJ.,* concur.