## *Ex parte* BERT FILES.

No. A-2873. Opinion Filed February 19, 1917.

(162 Pac. 1136.)

**HABEAS CORPUS—Erroneous Sentence.** A judgment and sentence of imprisonment for an offense for which the statute provides that the punishment must be both fine and imprisonment, there being no other defect, is merely erroneous, not void, and a person imprisoned under such a judgment· is not entitled to release upon **habeas corpus**.

Application by Bert Files for writ of *habeas corpus* against Ellsworth Hume, Sheriff of Garfield County. Writ denied, and petitioner remanded to custody.

*W. O. Cromwell* and *Geo. W. Buckner,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This is an application to this court for writ of *habeas corpus* to release petitioner, Bert Files, from the custody of Ellsworth Hume, sheriff of Garfield county. It is alleged that there was filed in the district court of Garfield county two certain informations each charging petitioner with having committed the second offense of unlawfully selling intoxicating liquors; that, petitioner acting on an agreement and understanding with the county attorney of said county that he would recommend a fine of $50 and imprisonment for 30 days in each case if defendant would plead guilty, he did so plead; that the judge of said court refused to accept the recommendation of the county attorney, and imposed a sentence of two years' imprisonment in one case and one year's imprisonment in the other; that petitioner immediately filed motions to set aside and vacate said judgments and sentences so imposed, which motions the court

overruled, to which rulings petitioner excepted and asked for time to make and serve case-mades and that he be admitted to bail pending his appeal in said cases, all of which was denied, and petitioner was committed to the custody of the sheriff, who was ordered to transport petitioner to the penitentiary.

The statute provides that the punishment for the offense charged in each of the informations must be both fine and imprisonment, and a judgment and sentence upon a conviction or plea of guilty must conform to the punishment prescribed. The judgments in these cases are obviously erroneous in respect to the punishment imposed. However, we are of the opinion that the judgments are merely erroneous and are not void, and the trial court may yet reconsider and correct the same.

In the case of *Rupert v. State,* 9 Okla. Cr. 226, 131 Pac. 713, 45 L. R. A. (N. S.) 60, it is said:

"The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term in which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put into operation, is undeniable. Bish. New Crim. Proc. sec. 1288, and cases cited. This power is inherent in all courts of record."

Thus we see the judgments in these cases are not yet finalities. The petitioner is entitled to appeal from said judgments, which includes the right to have reviewed the action of the trial court in overruling his motions to set aside and vacate the same, and the right of appeal carries with it the right to be admitted to bail pending determination of the appeal. The court had jurisdiction over the defendant and of the offense charged in each

information and the judgments rendered were within the scope of the general jurisdiction of the court; the only error being that the court failed to impose fines.

The application for the writ is therefore denied, and the petitioner will be remanded to the custody of the respondent.

ARMSTRONG and BRETT, JJ., concur.