## BERT FILES v. STATE.

No. A-3063—Opinion Filed May 10, 1919.

Rehearing Denied Sept. 6, 1919.

(182 Pac. 911.)

1. **APPEAL AND ERROR—Presence of Defendant at Trial—Objection.** Where the question of the presence of the defendant at his trial for felony is not raised in the lower court, it cannot be raised on appeal to this court, unless the record affirmatively shows that the defendant was not present at such trial.

2. **HABITUAL CRIMINALS—Second Violation of Liquor Law—Proof of Identity.** Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered of one of the same name as that of the defendant on trial. it is not necessary for the state to prove that the person named in said former conviction and the defendant on trial are one and the same person.

3. **INTOXICATING LIQUORS—Unlawful Sale—Interest in Place of Sale.** Where an illegal sale of beer is made in a place, it is im-

material as to who is the proprietor of the place in which the sale is made, or that the person making such sale is not interested therein. The offense is established upon legal proof of a sale by the party making such sale, regardless of the proprietorship of the place in which the sale is made.

4. **INDICTMENT AND INFORMATION—Felony—Verification of Information.** In a prosecution for a felony, it is not required that the information therefor, under the Procedure Criminal of this state, be verified.

5. **TRIAL—Insufficiency of Evidence—Demurrer to Evidence—Request for Directed Verdict.** Demurrer to the evidence is not the proper practice to attack the sufficiency of the evidence—if the evidence is thought to be insufficient a directed verdict should be requested.

6. **WITNESSES—Impeachment—Question.** It is improper to ask a witness on cross-examination "if he has not been arrested and confined in jail for a crime."

7. **INTOXICATING LIQUORS—Second Violation—Sufficiency of Evidence.** The record in this case carefully examined, and the evidence found sufficient to reasonably sustain the verdict and judgment rendered, and the record free from error.

*Appeal from District Court, Garfield County;*
*James B. Cullison, Judge.*

Bert Files was convicted of a violation of the habitual criminal act, and he appeals. Affirmed.

*W. O. Cromwell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Bert Files, hereinafter styled defendant, was convicted of a second violation of the prohibitory liquor law and sentenced to serve a term of two years in the penitentiary at McAlester, Okla., "no part of which time shall be in solitary confinement," and to pay a fine of $50 and the costs of this prosecution. To reverse the judgment rendered, he prosecutes this appeal.

The information under which the defendant was convicted charges the defendant with having been three times previous to the filing of the information in the instant case convicted and sentenced in Garfield county, which said convictions each became final before the year 1916—of violations of the prohibitory liquor laws; and that on the 11th day of March, 1916, in Garfield county, he did unlawfully sell to one G. C. Todd a bottle of beer. The defendant did not in his brief assign as error or argue the insufficiency of the said information.

The evidence as to the previous convictions of the defendant, and which we deem unnecessary to recite, fully sustains the averments of the information as to such prior convictions.

The material evidence as to the sale of the bottle of beer alleged to have been sold by the defendant to Todd on the 11th day of March, 1916, is, on the part of the state, that said Todd, accompanied by another, bought from the defendant, at the time alleged in the information, in a place in the city of Enid, in Garfield county, which had the reputation of being a place where intoxicating liquors were sold, a bottle of beer which was labeled "Schlitz or Budweiser," and paid him 50 cents for same; that Todd and the person with him jointly drank the contents of said bottle in the said place.

The material evidence of the defendant was: That he was not the proprietor of the place in which Todd testified he bought said bottle of beer; that Walt Cook was; that he resided in Muskogee county, and was on a visit to Enid, and was taking care of the place for Walt Cook; that he did sell to said Todd "a bottle of stuff" which he did not know was beer; that Todd paid him for same,

the amount not remembered; and that he gave the money to Cook, and that he had no interest in the bottle sold to Todd.

The defendant also introduced evidence tending to impeach the veracity of Todd, to which counter evidence was introduced by the state.

Upon the conclusion of the evidence for the state the defendant demurred to the evidence, which the court overruled, and the defendant excepted.

The contention of the defendant that the judgment and sentence are irregular and void, because the judgment entry recites that the former conviction was "for maintaining a place," is without merit; a record of such former conviction of the defendant being averred in the information, and supported by record evidence.

The defendant attacks the information because the same is not verified, and therefore insufficient to support a judgment. This is an information for a felony, and not required to be sworn to. *In re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805.

The question of former jeopardy raised by the defendant was properly held adversely to the defendant, as the same was precluded by the decision of this court in *Ex parte Bert Files,* 13 Okla. Cr. 163, 162 Pac. 1136. It follows tht the court did not err in not submitting the plea of former jeopardy to the determination of the jury.

The plea of the defendant that the court was without jurisdiction has no legal ground upon which to stand.

It is entirely immaterial who owned the place at the time it had the reputation of being a place in which liquor was sold, where, as in the instant case, the evidence shows

that a prohibited sale was made therein by defendant, and if the court erred, which we do not hold, in excluding evidence of the ownership of said place at the time it had such reputation, it was harmless error.

If the court erred in admitting in evidence the transcript of the evidence given by Fred R. Feathers at the preliminary trial of the defendant, which we do not decide, it was not such error as should work a reversal, as, if the evidence of said Feathers be entirely eliminated, there still remains sufficient evidence to reasonably sustain the verdict of the jury.

The defendant further insists that the court erred in overruling the demurrer to the evidence, because there is no evidence to show that the defendant and the Bert Files shown by the records to have been formerly convicted of violating the prohibitory liquor laws were one and the same. Proof of his identity was not necessary. Defendant was being prosecuted as Bert Files, and if he was not the same person referred to in the records showing the former conviction of Bert Files, the burden was upon him to show such fact. Under criminal procedure of the state, demurrer is not the proper mode of attacking the sufficiency of the evidence. If the evidence is deemed insufficient, a directed verdict of acquittal should be requested. Considering the demurrer to the evidence as in effect a request for a directed verdict of acquittal, the court would have erred had it complied with such request.

The record affirmatively shows that the defendant was present and arraigned and declined to plead, and that the court entered for him a plea of not guilty; that he testified in the case in his own behalf, and was present when the sentence of the court was pronounced against

him; and that prior to pronouncing sentence the court asked him if he had anything to say why sentence should not be pronounced against him, and he answered "that he had no such reason."

We think that the record affirmatively shows that the defendant was present during the trial, and that his contention that the judgment and sentence are void because the record does not affirmatively show the presence of the defendant at the trial is without merit. *Wood v. State* 4 Okla. Cr. 436, 112 Pac. 11, 45 L. R. A. (N. S.) 673.

If the defendant was not present during the trial in the lower court when called upon to state his reason, if any he had, why sentence should not be pronounced against him, why was the objection not made that he was not present at the trial? If the defendant was not present at the trial in the court below, why was it not embodied as a ground for, in his motion for a new trial?

Having failed to raise in the lower court the question of not being present at the trial, he cannot raise such question on appeal to this court, unless the record affirmatively shows that he was not present at the trial in the court below. *Burns v. State,* 8 Okla. Cr. 554, 129 Pac. 657.

It was not necessary for the defendant to be present on the hearing of the motion for a new trial or on the hearing of a motion in arrest of judgment. 12 Cyc. page 526, and the very many authorities cited in note 31 on said page.

The court did not err in setting aside, on motion of the county attorney, the judgment in this case on the 11th day of February, 1916.

In *Ex parte Bert Files, supra,* this court held the identical judgment set aside obviously erroneous for fail-

ing to include imprisonment and fine and refused the writ of *habeas corpus* applied for, saying:

"However, we are of the opinion that the judgments are merely erroneous and are not void, and the trial court may yet reconsider and correct the same."

Certainly the trial court could in effect correct the judgment by setting it aside.

The defendant also complains that the court committed reversible error in refusing to permit the defendant on cross-examination of the prosecuting witness to ask him "if he had not been arrested and confined in jail for a crime." In so ruling the court followed an unbroken line of authority of this court.

It is further insisted by defendant that the court erred to the prejudice of the defendant in its remarks made to the defendant's attorney when sustaining an objection of the state to a question propounded on cross-examination of the prosecuting witness. The remarks of the court, not being addressed to the jury, and not of a character to prejudice the jury against the defendant, did not constitute reversible error.

The defendant further complains that the court erred in refusing to permit the defendant to ask on cross-examination of the prosecuting witness if he was not paid to secure evidence in this case. The purpose of this question was to show the interest of the witness in the prosecution, and therefore we think that the court erred in refusing to permit the said question to be asked.

However, in view of the defendant's testimony that he did sell "a bottle of stuff" to said prosecuting witness at the time and place averred in the information, and for which the witness paid him, and that he was unable to

say whether or not the said bottle contained beer, which we think corroborated the evidence of the prosecuting witness of the sale testified by him to have been made by defendant, and there being evidence by other witnesses than said prosecuting witness of said sale, whether or not the prosecuting witness was interested in the prosecution was immaterial, and the act of the court in refusing to permit said question to be asked was harmless error.

The court did not err in overruling the motion for a new trial or in overruling the motion in arrest of judgment.

Errors assigned in the petition in error and not argued or assigned in the brief of the defendant are regarded as abandoned, and are not reviewed. But we have carefully considered every error assigned in the brief of the defendant or therein argued, and are convinced that the evidence reasonably supports the verdict of the jury, and that the record discloses that no prejudicial error was committed in the trial. The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.