## ROTHLISBERGER et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1923.)

### No. 3760.

Criminal law ☞394—Searches and seizures ☞3—Search warrant held valid and evidence procured thereunder admissible.

That a search warrant described the premises to be searched only by street and number, which number was not exactly that of the premises searched, or that the person named therein was neither the householder nor owner of the premises searched, but was a member of the owner's family, *held* not to render the warrant invalid, or evidence secured thereby inadmissible against him.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Ernest Rothlisberger, Sr., and Louis Rothlisberger. Judgment of conviction, and defendants bring error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Neal H. Deeds and Stanley A. Grzezinski, both of Toledo, Ohio, for plaintiffs in error.

Gerard J. Pilliod, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., of Cleveland, Ohio, and George R. Effler, Asst. U. S. Atty., of Toledo, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The plaintiffs in error, father and son, were convicted of having in their possession, with knowledge, property which had been stolen while in interstate transportation, and of having thereby violated section 1 of the Act of February 13, 1913 (37 Stat. 670, U. S. C. S. § 8603).

A search warrant, which formed the basis for admitting certain evidence, is attacked because the property to be searched was identified only by giving the street and (an erroneous) number, and because the person named therein was neither the householder nor the owner of the premises. The building searched, 121 Hay street, was a single family residence, occupied by the Rothlisberger family, and owned by the mother, and L. Rothlisberger, the person named in the warrant, was a member of that family, an adult son living there. The warrant gave the number as 123. There is nothing to show that there was any building No. 123, or any room for doubt as to the house intended.

We find no justification, upon principle or authority, for thinking that the proceedings under the search warrant were unlawful for either of these reasons. While the evidence to charge the father with the essential guilty knowledge was wholly circumstantial, we think it was sufficient to give legal basis for the conclusion which the jury reached. The large quantities of other property, not named in the indictment but found in the house and said to have been also stolen from railroad cars, had a distinct tendency to show this knowledge.

We find in the assignments of error nothing else which we think calls for comment.

The judgment is affirmed.