## UNITED STATES v. HEFFERMAN.

District Court, E. D. Pennsylvania. November 6, 1929.

No. 3369.

Calvin S. Boyer, U. S. Atty., of Philadelphia, Pa.

Franklin J. Graham and John F. McEvoy, both of Philadelphia, Pa., for defendant.

McVICAR, District Judge. The indictment in this case contains six counts—two charging the unlawful sale of intoxicating liquor; two unlawful possession; one the maintenance of a nuisance; and one alleging two former convictions of the defendant. Count 3, charging an unlawful sale, was withdrawn from the consideration of the jury. The jury returned a verdict of guilty as to counts 1, 2, 4, and 5, and also found that the defendant had been convicted in the two cases alleged in count 6. This case is now before us on defendant's motion for a new trial, which alleges that the verdict was against the law, the evidence, and the weight of the evidence. These reasons are so general and indefinite that the motion for a new trial might have been refused without further consideration. However, we will consider the four reasons argued orally and in the brief of the defendant.

The first reason is that the court erred in receiving evidence of samples of liquor taken from liquor seized which had been subsequently destroyed. The answer to this reason appears in McGuire v. U. S., 273 U. S. 95, 98, 47 S. Ct. 259, 260, 71 L. Ed. 556, where the same question was raised, and wherein the Supreme Court said:

"That the destruction of the liquor by the officers was in itself an illegal and oppressive act is conceded. But it does not follow that the seizure of the liquor which was retained violated constitutional immunities of the defendant or that the evidence was improperly received. * * *

"Even if the officers were liable as trespassers ab initio, which we do not decide, we are concerned here not with their liability but with the interest of the government in securing the benefit of the evidence seized, so far as may be possible without sacrifice of the immunities guaranteed by the Fourth and Fifth Amendments. A criminal prosecution is more than a game in which the government may be checkmated and the game lost merely because its officers have not played accordingly to rule. * * *

"The seizure of the liquor received in evidence was in fact distinct from the destruction of the rest. Its validity so far as the government is concerned should be equally distinct."

This point is also ruled upon in the case of U. S. v. Griffin, 17 F.(2d) 811 (D. C. E. D. Pa.)

■ The second reason of the defendant is that the court erred in refusing to strike out all the testimony obtained by the search warrants, for the reason that the agents searched a different place than that named therein. In Cogen v. U. S., 278 U. S. 221, 49 S. Ct. 118, 119, 73 L. Ed. 275, the Supreme Court, speaking by Mr. Justice Brandeis, said:

"It is true that the order deals with a matter which, in one respect, is deemed collateral. As was said in Segurola v. United States, 275 U. S. 106, 111, 112, 48 S. Ct. 77, 79 (72 L. Ed. 186): '* * * A court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it.' Hence, a defendant will, ordinarily, be held to have waived the objection to the manner in which evidence has been obtained unless he presents the matter for the consideration of the court seasonably in advance of the trial; and he does this commonly by a motion made in the cause for return of the property and for suppression of the evidence. The rule is one of practice; and is not without exceptions. See Gouled v. United States, 255 U. S. 298, 305, 41 S. Ct. 261, 65 L. Ed. 647; Agnello v. United States, 269 U. S. 20, 34, 35, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Panzich v. United States (C. C. A.) 285 F. 871, 872."

A true bill was found in this case May 29, 1929; the case was tried June 19, 1929. There was no motion made in advance of the trial to return or suppress the evidence obtained by the search and seizure. Therefore the defendant has waived that objection, and his motion must fall unless his case is controlled by the rule laid down in Agnello v. United States, 269 U. S. 20, 34, 46 S. Ct. 4, 7, 70 L. Ed. 145, 51 A. L. R. 409 wherein the Supreme Court said:

"Where, by uncontroverted facts, it appears that a search and seizure were made in violation of the Fourth Amendment, there is no reason why one whose rights have been so violated, and who is sought to be incriminated by evidence so obtained, may not invoke protection of the Fifth Amendment immediately and without any application for the return of the thing seized."

Do the uncontroverted facts in this case show an unlawful search and seizure in the manner claimed? The defendant offered no evidence; the search warrants were not offered in evidence. The agents, who made the seizure, testified that the place where the search was made was located at the intersection of Sixth street, Ontario street, and Morton avenue, Chester, Pa., and was numbered 600 Morton avenue. This description, with the exception of the number, was used in all of the counts in the indictment excepting the nuisance count, which also included the number on Morton avenue. The agents further testified that the building searched was a three-story brick with an entrance at the corner of Sixth street and Morton avenue, with a saloon on the first floor. Agent Litchfield, on cross-examination, was asked the following question, which appears upon page 9 of the testimony:

"Q. That (referring to a search warrant) calls for a three-story brick building, having a saloon on the first floor thereof, located on a triangle at 6th and Ontario Streets and Morton Avenue, Chester, Delaware County, Pennsylvania?"

He made answer thereto "Yes." There was no evidence that the place searched was a different place than that named in the search warrants, and while there were slight inaccuracies in the description given in the search warrants, there is no evidence that the officers with reasonable effort could not have ascertained and identified the place described therein. In Steele v. United States, 267 U. S. 498, 503, 45 S. Ct. 414, 416, 69 L. Ed. 757, the Supreme Court said:

"It is enough if the description is such that the officer with the search warrant can,

with reasonable effort, ascertain and identify the place intended."

The Supreme Court also cited as authority for the above proposition the case of Rothlisberger v. United States, 289 F. 72, 73 (C. C. A. 6). In that case the warrant described the premises as "121 Hay Street, occupied by L. Rothlisberger." As a matter of fact the premises were 123 Hay street, and L. Rothlisberger was not the name, but was only a member of the owner's family. The court held:

We find no justification, upon principle or authority, for thinking that the proceedings under the search warrant were unlawful for either of these reasons."

See, also, Giacolone v. United States, 13 F.(2d) 108 (C. C. A. 9), and United States v. Chin On (D. C.) 297 F. 531.

I therefore conclude that the uncontroverted facts do not show an unlawful search and seizure on the ground contended for by defendant.

█ The third reason of the defendant is that the court erred in refusing his motion to quash the search warrants and shut out all evidence received by virtue thereof, for the reason that there was too long a time between the affidavit of probable cause and the issuance of the search warrants.

There was no evidence offered of the date of the affidavit or affidavits of probable cause. The affidavits were not offered in evidence; hence this reason cannot prevail. If, however, as stated in defendant's brief, the affidavit was made on April 13, 1929, based on a purchase made on March 30, 1929, the contention cannot prevail, as it was ruled adversely to the defendant in the case of Hawker v. Queck, 1 F.(2d) 77 (C. C. A. 3), wherein a search warrant issued July 17th upon an affidavit alleging a violation on June 26th.

██ The fourth reason of the defendant is that the court erred in submitting to the jury the question whether the defendant had been previously convicted in the two cases pleaded in the sixth count of the indictment, and that the district attorney should not have been permitted to refer to such convictions in his opening remarks to the jury. Section 29 of title 2 of the National Prohibition Act (27 USCA § 46) provides:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

In Singer v. United States, 278 F. 415 (C. C. A. 3), the court said (page 420):

"The authorities overwhelmingly established, * * * (that) the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment.

"When the prior conviction is charged in the indictment, two questions of fact are presented, namely, the prior conviction, and the identity of the accused as the same person in each prosecution, and these facts must be established at the trial. Among the numerous authorities sustaining these propositions, may be cited * * * (several cases)."

The government offered in evidence the record in the case of United States v. Michael Hefferman, 216 March sessions, 1922, wherein the indictment in its first count charged the defendant on February 20, 1922, at Chester, in the Eastern district of Pennsylvania, with selling intoxicating liquor, and, in count 2 of the same indictment, the government charged the defendant with maintaining a saloon located at No. 600 Morton avenue, Chester, Pa. The government also offered in evidence the record in the case of United States v. Michael Hefferman, No. 877, June sessions, 1924, wherein the defendant was charged on March 13, 1924, at Chester, in the Eastern district of Pennsylvania, with the sale of intoxicating liquor, and, in count 3 of the same indictment, the same defendant was charged with maintaining a nuisance located at No. 600 Morton avenue, Chester, aforesaid.

The indictment in this case, in four counts, charges the defendant with either the sale or possession of intoxicating liquor, at Sixth street, Morton avenue, and Potter street, Chester, in the Eastern district of Pennsylvania, and in count 5, charges the defendant with maintaining a nuisance at the same address, and added thereto, in brackets, 600 Morton avenue. It will be observed that in the two former convictions and in the present case the defendant is charged with the maintenance of a nuisance at 600 Morton avenue, in the city of Chester, Eastern district of Pennsylvania.

There was no other evidence of the identification of the defendant than above. Was it sufficient to submit to the jury? We have not been referred to any case where the exact point has been passed upon in the federal courts, but it has been passed upon in many of the state courts.

Identity of name is ordinarily a prima facie identification of person. Such a rule

ordinarily does not injure a defendant because, if not true, it is easy for him to make a denial thereof.

In Commonwealth v. John Doe, 79 Super. Ct. 162, the Superior Court of Pennsylvania said (pages 168, 169):

"A part of the offer of the Commonwealth was to show a former conviction, but as that was not charged in the indictment, the offer to that extent was properly overruled. Limiting the offer as was done by the court to its effect on the testimony of the defendant, we regard the evidence as competent. It is argued that there was lacking evidence of identity of the defendant, but this was not raised in the objection to the testimony, and no assignment applies to that subject, nor are we convinced that it is available as a matter of law. Identity of name is ordinarily, but not always, prima facie evidence of personal identity: Sailor v. Hertzogg, 2 Pa. 182; Sitler v. Gehr, 105 Pa. 601 [51 Am. Rep. 207]; Sewell v. Evans, 4 Ad. & E. 632; and where the name is not common or the transaction is in the same locality, it is not unreasonable to give prima facie recognition of the identity and this is specially so in the case under consideration for the record was in the same court in which the trial was proceeding. The defendant's home was in New Castle; he was born there. In the indictment in the first case he was described as 'Samuel Ross alias Cedar Ross,' and he is so described in the indictment before us. It is highly improbable that two persons so identified would be living in the same community or in any community. No advantage was taken of the defendant for he could readily testify that he was not the person named in the other case if the fact were so."

It will be noted that the Pennsylvania case is analogous in fact to the present case; however, it is not so strong a case from the government's standpoint as the present case.

In State v. Aime, 62 Utah, 476, 220 P. 704, 708, 32 A. L. R. 375, there was no other evidence of the identity of the defendant than a former record. The court said:

"It is the general rule that identity of names is prima facie evidence of identity of persons. * * * While there are cases to the contrary * * * we think, where the name is not a common one, and there is nothing to indicate that more than one person in the vicinity was known of the same name, proof of the identity of names is sufficient to warrant conclusion of identity of persons, until the contrary appears."

In Files v. State, 16 Okl. Cr. 363, 182 P.

911, 912, where the identification was based on a former record, the court said:

"Defendant was being prosecuted as Bert Files, and if he was not the same person referred to in the records showing the former conviction of Bert Files, the burden was upon him to show such fact."

In State v. Bizer, 113 Kan. 731, 216 P. 303, 305, the evidence of prior conviction and identification was a former record. The court held that identity of names creates a presumption of identity of persons, and stated that the jury "* * * would naturally note that the name in both cases is Thomas Bizer, rather an unusual name; that the alleged former conviction was in the same county and city where the present case was being tried and where the evidence showed the defendant lived; that the character of the offenses was the same. * * * Certainly under this situation, we cannot say that the jury did not have evidence before it upon which it was justified in finding that the person then on trial was the same person named in the record of the former conviction and that such evidence was sufficient to overcome the presumption of innocence."

Under similar facts it was held in State v. Court, 225 Mo. 609, 125 S. W. 451, 452, the court said:

"In this case not only did the evidence show the conviction of Edward Court of attempted robbery in 1899, but that evidence goes further and establishes his conviction in the city of St. Louis, the same city in which the defendant was convicted in this case and in the same court. When these facts are taken in consideration and the further fact that the defendant offered not a word of testimony to rebut the prima facie evidence of identity * * * we think his contention is without merit."

In this case, the name, which is an unusual one, is the same in the record of the former convictions as in the present case. The name of the municipality is the same in each; the street and number in the municipality are the same in all.

I conclude that the evidence was sufficient to submit to the jury on the question of identification, and that the district attorney had a right, in his opening remarks, to tell the jury of the facts which he expected to prove in support of the count alleging former convictions, the same as the proof that he expected to offer in support of the other counts contained in the indictment. At any rate, these remarks could not have injured the defendant, as the records were subsequently offered in evidence.

The motion for a new trial is refused.