## HEFFERMAN v. UNITED STATES.
### No. 4503.

Circuit Court of Appeals, Third Circuit.
May 7, 1931.

Franklin J. Graham, of Upper Darby, Pa., for appellant.

Michael J. S. Stoney, U. S. Atty., and Paul Freeman, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge.

The indictment contains five counts for violations of the National Prohibition Act and concludes with allegations that the defendant had twice been convicted for like offenses. Two counts charge unlawful sale of intoxicating liquor, two unlawful possession, and one the maintenance of a common nuisance.

At the trial the government offered evidence tending to prove a sale of whisky by the defendant in a building in Chester, Pennsylvania, the issuance of search warrants on evidence of that sale, and execution of the warrants by a search of the building and discovery of a barroom of the ordinary type and seizure of a fifty gallon barrel of whisky, one-half barrel of unlabeled beer on tap, and seven hundred and twenty bottles of beer. The government then put in evidence the criminal docket of the same court to prove prior convictions.

The defendant offered no evidence. After one count for a sale had been withdrawn, the jury found the defendant guilty on all other counts and also found two previous convictions as alleged. This appeal followed.

The defendant assigns several errors in the trial of which the first is the action of the court in admitting evidence obtained under the search warrants. This assigned error is based on three grounds, the first being that the liquor so seized, with the exception of samples retained, had all been destroyed at the time of the seizure, and that, in view of the provision of the Act that "property so seized shall be subject to such disposition as the court may make thereof" (Title 2, § 25 [27 USCA § 39]), the agents, though lawfully entering upon the premises, became trespassers ab initio when they unlawfully destroyed the liquor; that they thus lost the protection and authority conferred upon them by the search warrants; that, therefore, the seizure of the liquor, both that destroyed

and that retained as evidence was illegal and prohibited by the Fourth Amendment and that this and other evidence so procured became inadmissible because violative of the Fourth and Fifth Amendments to the Constitution.

This question is not new. It was for a time vigorously disputed and differently decided in lower courts, but in the case of McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556, the Supreme Court resolved the question against the defendant with finality. The law of the McGuire decision was applied in this circuit in United States v. Griffin (D. C.) 17 F.(2d) 811, and, of course, rules this case.

The defendant next attacks the search warrants and the admission of evidence procured under them on the ground that, because of inaccuracies in describing the premises, it appears, as he contends, that the property searched was not the one described in the search warrants and the property described in the search warrants was not the one described in the indictment.

■ There is no doubt in law that a search warrant is a command to search the place named therein and it must be strictly obeyed. United States v. Innelli (D. C.) 286 F. 731. It does not authorize a search of some other place. While, admittedly, there is confusion in the descriptions of the place in this case, it does not follow that the place is uncertain or that the various acts alleged were done at different places.

■ The record shows this situation: The place, howsoever described, was in Chester, Pennsylvania. The sale was made at No. 600 Morton Avenue. In the first search warrant the building is described as located at East Sixth and Ontario Streets and Morton Avenue, and in the second search warrant as the Northwest Corner of Sixth Street and Morton Avenue. The first search warrant was executed at Sixth Street and Morton Avenue and Potter Street, the second at the Corner of Sixth Street and Morton Avenue, No. 600 Morton Avenue. The indictment names the premises as "Sixth Street, Morton Avenue and Potter Street (600 Morton Avenue)".

Though the defendant now attacks the warrants, their execution and the indictment as containing fatal variances, he did not take the stand, nor did he offer to prove by the testimony of others that the place described in one instrument was not the place described in the others. The confusion is explained by the fact that the one building at which the sale took place, the search was made and the indictment laid the offenses stood on a triangular lot formed by three streets one of which (Potter Street or Ontario Street) was perhaps erroneously named. Yet this error was cured, both in one of the search warrants and in the indictment, by putting in the street number—600 Morton Avenue. That the slight inaccuracy in describing the property without destroying its identity does not invalidate a search warrant is sustained by Steele v. United States, 267 U. S. 498, 503, 45 S. Ct. 414, 69 L. Ed. 757; Rothlisberger v. United States (C. C. A.) 289 F. 72 and Giacolone v. United States (C. C. A.) 13 F. (2d) 108.

■ And, finally, the defendant contends that the search warrants were invalid because not based on probable cause shown to exist at the time they issued as required by law. There was a lapse of twenty-one days between the sale (probable cause) and the issuance of the first warrant. We recognize, of course, that a search warrant must issue, if at all, upon an existing cause, that is, that action which constitutes probable cause on one date might not alone support a claim of continued existence of that same situation at a much later date. We shall not, however, decide this question by matching the lapse of time in this case with lapses of time in the cases cited but hold that the search warrants were not in the circumstances invalid for want of existing probable cause. Dandrea v. United States (C. C. A.) 7 F.(2d) 861; Rupinski v. United States (C. C. A.) 4 F. (2d) 17; Hawker v. Queck (C. C. A.) 1 F. (2d) 77; Murby v. United States (C. C. A.) 2 F.(2d) 56; United States v. McKay (D. C.) 2 F.(2d) 257; People v. Chippewa, 226 Mich. 326, 328, 197 N. W. 539, 540.

■ The last two errors assigned arise out of the section of the National Prohibition Act which prescribes heavier sentences for second offenses. Title 2, § 29 (27 USCA § 46). This court considered the meaning and operation of this provision in Singer v. United States, 278 F. 415, 419, 420, holding in substance that the Congress regarded a second offense against the Act as a distinct offense for which it provided increased punishment, and that in order to establish an offense of this character it provided that the prior conviction must be pleaded. It follows that prior conviction as an element of a second offense, being pleaded, must be proved. Becker v. United States (C. C. A.) 36 F.(2d) 472. To be effectually proved, identity of the two

offenses and identity of the accused as the same person in each prosecution must be established. Evidence to prove these essentials of a second offense is, contrary to the defendant's contention, admissible by force of the Act and falls under an entirely different rule from that which forbids proof of a previous conviction to show that the accused would be likely to commit the same crime again. Mansbach v. United States (C. C. A.) 11 F.(2d) 221, 224. On this state of the law, the United States Attorney in his opening to the jury spoke of the provision of the Act which requires in a prosecution for a second offense that the prior offense be pleaded and of the law which requires that it be proved. The defendant at once moved that a juror be withdrawn and on the court's refusal was allowed the exception on which he now bases this assignment of error.

We find nothing wrong in what the United States Attorney said for all that he did was to state the character of the offense, what the law requires shall be pleaded, what, accordingly, the law requires shall be proved and that he would prove it. In doing so he tactfully, and we think successfully, avoided the rule against evidence of a prior offense in proof of the commission of an instant offense by saying:

"Of course, that has no bearing, I want to have you understand clearly, upon the guilt or innocence of the defendant in this proceeding. In other words, the fact that he may have been convicted at an earlier time of a similar offense does not mean that he was guilty this time."

To identify the offenses and the defendant the government introduced the record of two prior convictions in the same court of a man of the same very unusual name for the same offenses of selling liquor and maintaining a nuisance at the same address (600 Morton Avenue) in the same city and in the same judicial district. There was no other identification of the offenses or the defendant; yet this, we hold, was prima facie identification of both within the law discussed in Commonwealth v. John Doe, 79 Pa. Super. Ct. 162, 168, 169; State v. Aime, 62 Utah, 476, 220 P. 704, 32 A. L. R. 375; Files v. State, 16 Okl. Cr. 363, 182 P. 911; State v. Bizer, 113 Kan. 731, 216 P. 303; State v. Court, 225 Mo. 609, 125 S. W. 451. As the defendant introduced no evidence to the contrary, the prima facie evidence of identity stood undisturbed.

The judgment is affirmed.