## UNITED STATES v. YATSKO.
### No. 1712.

District Court, M. D. Pennsylvania.
July 5, 1938.

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa.

880

Charles M. Bowman, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is a motion to quash a search warrant, to dismiss the information issued against the defendant, suppress the evidence obtained under the search warrant, and for an order directing the property seized in the execution of the search warrant returned. The Government has demurred to the motion.

■■■■ The first ground upon which the motion is based is that the warrant described the premises to be searched as No. 636 Church Street, Luzerne, Pennsylvania, whereas, the premises searched was No. 636 Charles Street, Luzerne, Pennsylvania. It is well established that this is no ground for the granting of any of the relief prayed for. "A description of property in search warrant is sufficient if the officer can with reasonable effort identify the intended place." Sparks v. U. S., 6 Cir., 90 F.2d 61, 63. The warrant describes the premises to be searched as the property of Mary Yatsko, and describes the physical appearance of the house in detail. There is no question but that the premises searched was that of Mary Yatsko, and there is no allegation that it did not answer to the physical description in the warrant. Further, there is no allegation that there is any such premises as No. 636 Church Street, in the Borough of Luzerne, Pennsylvania. Under such circumstances, there can be no doubt that the description in the warrant was sufficient for the officers to whom the warrant was directed to locate the premises intended, and that the premises searched was the premises described in the warrant. See Rothlisberger et al. v. United States, 6 Cir., 289 F. 72; Sparks v. U. S. supra; and Hefferman v. United States, 3 Cir., 50 F.2d 554.

■■■■ Five days elapsed between the occurrence of probable cause and the issuance of the warrant. Defendant contends this was an unreasonable length of time. In Hefferman v. U. S., supra, a warrant issued 21 days after the occurrence of probable cause and was held not to have been issued at a time too remote. In liquor cases the existence of a violation may be presumed to continue for extended periods.

The other grounds relied upon by the defendant are entirely without merit and require no discussion.

Now, July 5, 1938, the defendant's motion to quash the search warrant, to dismiss the information, to suppress the evidence, and to return the property seized, is denied; the rule granted thereon is discharged, and the Government's demurrer thereto is sustained.