SMITH *v*. STATE.

Opinion delivered January 10, 1921.

1. BILLS AND NOTES—POSTDATING OF CHECK.—A check which is post-dated is a check in all essentials, though it relates to a future deposit or account in the bank upon which it is drawn, and not to a present account therein.

2. FALSE PRETENSES—DRAWING CHECK WITHOUT FUNDS.—Acts 1913, No. 258, §§ 1, 3, making it a misdemeanor for an individual, either resident or doing business in this State, to give a check in favor of any one on any bank when there shall not be sufficient funds therein to cover same, unless prior arrangements have been made with the bank to cover the same, *held* not applicable to the case of a postdated check, as there is nothing in the act which makes it unlawful to promise and fail to pay at a future date.

Appeal from Pike Circuit Court; *J. S. Steel*, Judge; reversed.

*John D. Arbuckle*, Attorney General, and *Silas W. Rogers*, Assistant, for appellee.

The errors committed by the court are patent. Appellant's plea of former jeopardy should have been granted. 135 Ark. 166; 42 *Id*. 35; 43 *Id*. 271; 71 *Id*. 349.

2. The instructions failed to instruct the jury at all with reference to the character of verdict they should bring in, nor as to the nature of the crime. The overdraft statute makes the offense a misdemeanor, and he was found guilty of a felony. 113 Ark. 454; 66 *Id*. 264.

2. The giving of a postdated check, whether a crime or not, is a debatable question, and we ask the court to pass on it. The general pinion is that it is only a promise to pay, and not a crime at all.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Pike Circuit Court for unlawfully and feloniously giving a check, in the sum of $103.40, on the Citizens' National Bank of Arkadelphia, in Clark County, to J. H. Wallace in Pike County, not having at said time sufficient funds on deposit in said bank with which to pay said check. From the judgment of conviction, an appeal has been duly prosecuted to this court.

Appellant was indicted under sections 1 and 3 of act 258, Acts 1913, making it a misdemeanor for an individual, either resident or doing business in this State, to give a check in favor of any one on any bank when there shall not be sufficient funds therein to cover same, unless prior arrangements had been made with said bank to pay the check.

The undisputed evidence showed that the check in question was drawn in favor of and given to J. H. Wallace by appellant, in November or the early part of December, 1918, and postdated January 21, 1919.

The question raised by the appeal is whether the act has any application to a postdated check. This court is committed to the doctrine that the postdating of a check does not convert it into any other form of commercial paper. It is still, notwithstanding the postdate it bears, a check in all essentials. A postdated check relates, however, to a future deposit on account in the bank upon which the check is drawn, and not to a present account therein. In the meantime, the drawer retains the full and free use of his entire account or deposit. *Merchants & Planters Bank of Camden* v. *New First National Bank of Columbus, Ohio,* 116 Ark. 1; *Champion* v. *Gordon,* 70 Penn. St. 474; *Allen* v. *Keeves,* 1 East 216. It is apparent from a careful reading of the statute under which appellant was convicted that it has relation to checks drawn upon a present, and not a future, deposit or account. The act makes it unlawful to give a check upon any account in any bank when there shall not be sufficient funds therein to cover the same, or unless arrangements had been previously made with the bank to pay same. The purpose and intent of the act was to prevent one from defrauding another by negotiating checks without funds in the bank upon which drawn to pay same. The giving of a postdated check implies a promise to deposit money in the bank at a future date to pay the check, and there is nothing in the act which makes it unlawful to promise and fail to pay at a future date.

The judgment of conviction is therefore reversed; and, as there can be no offense under the statute for giving a postdated check, the cause is dismissed.