PATTERSON *v.* STATE.

Crim. 4043

Opinion delivered July 12, 1937.

*D. W. Bryan*, for appellant.

*Jack Holt*, Attorney General, and *John P. Streepey*, Assistant, for appellee.

HUMPHREYS, J. Information was filed against appellant in the name of the State of Arkansas by the prosecuting attorney of the Fifteenth Judicial District of Arkansas, before a justice of the peace, for drawing a check on the First National Bank of Fort Smith for $7.50, which check was dishonored because appellant had no money in said bank subject to check. The information was preferred under act 304 of the Acts of 1929 amending act 258 of the General Assembly of 1913.

This court held in the case of *Smith* v. *State*, 147 Ark. 49, 226 S. W. 531, that it was not an offense to give a post-dated check. The amended act makes it an offense to draw a check upon a bank, with intent to defraud, in which the drawer has no money or credit if the maker knows at the time that he does not have sufficient funds in or credit with the bank for the payment of the check, provided he does not make the check good

within ten days after notice of the dishonor of the check.

Appellant was convicted by the Justice of the Peace and on appeal to the circuit court was again convicted and fined $10, from which is this appeal.

Appellant first assigns as error the failure of the trial court to instruct the jury to acquit him because he says the evidence shows that the check was dated December 1, and that he drew and delivered it on November 30, or that it shows that it was a post-dated check. Even if the check was post-dated, as the law now stands, he would be guilty of the crime charged if he executed and delivered the check for the purpose of defrauding the drawee or payee and failed to make it good within ten days after being notified that it had been dishonored.

Appellant has failed to abstract the evidence in the case and it may be that the evidence reflects that appellant drew and delivered the check with the purpose of defrauding the payee.

Again, appellant assigns as error the failure of the court to instruct a verdict of acquittal because the evidence fails to reflect that he gave the check to defraud the payee. As stated above, appellant has failed to abstract the evidence, so, without exploring the record of the evidence, we are unable to say that the evidence is insufficient to sustain the judgment.

Rule ten of the court is as follows:

"In misdemeanor cases the appellant shall file with the clerk when the case is subject to call for submission under the statute an abstract or abridgment of the transcript as in civil cases."

The Attorney General has called our attention to this rule and it is one that must be rigidly enforced in order for the court to keep up with the docket and prevent delays that would result in great prejudice to many litigants.

The judgment must be affirmed and it is accordingly done.