BREWER *v.* STATE.

Crim. 4078.

Opinion delivered January 24, 1938.

*Roy Mullen,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. Appellant was charged by information with the crime of overdrafting, in that on or about the 24th day of July, 1937, he did unlawfully, feloniously, and with intent to defraud the Hardy Sales Company, give a check to said company for the sum of $475.80, drawn on the Security Bank & Trust Company of Paragould, Arkansas, without having sufficient funds in said bank to pay same, and without having made prior arrangements with said bank to pay said check, and when notified that said check had been turned down and unpaid, he failed, refused, and neglected to make good and pay said check within ten days after notice. On a trial, he was convicted and his punishment fixed at confinement in the penitentiary for a period of six months. At the conclusion of the state's testimony, appellant moved the court for a directed verdict, as follows: "The defend-

ant moves for a directed verdict for the defendant because they haven't shown and haven't given ten days' notice before arrest, and because the information is not drawn in accordance with the law, and because they haven't shown by the plaintiff's testimony that the defendant at the time he gave his check knew he didn't have the money in the bank to pay it." The court stated to the prosecuting attorney that he would let him amend the information to read, "and with the intent to defraud." Thereupon, the prosecuting attorney amended the information by inserting the language "and with the intent to defraud," which had been omitted from the charge. The court, thereupon, overruled the motion for a directed verdict, and appellant rested without offering any evidence in his own behalf.

Appellant requested an instruction to the effect, "that the law requires that the defendant must be notified of the nonpayment of the check ten days before any arrest can be had." The court refused to give this request.

Conceding without deciding that the information as originally filed was defective, because it failed to allege that the crime was committed with the intent to defraud, we are of the opinion that the court committed no error in permitting the prosecuting attorney to amend the information in the manner above stated. Section 24 of Initiated Act No. 3, 1936, Acts of 1937, p. 1395, provides: "The prosecuting attorney or other attorney representing the state, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended or bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged. All amendments and bills of particulars shall be noted of record." So, it will be seen that an indictment may be amended under this section with the leave of the court provided it does not change the nature of the crime or the degree thereof. The amendment did not have the effect of changing the nature of the crime or the degree thereof. So the court properly permitted the amendment.

We are of the opinion that the court correctly overruled appellant's motion for a directed verdict. Section 3088 of Pope's Digest makes it unlawful for any person, with intent to defraud, to draw a check upon any bank knowing at the time that he has insufficient funds in said bank for the payment of said check in full, upon its presentation, and classifies the offense as a misdemeanor punishable by imprisonment of not more than one year or by a fine of not more than one thousand dollars or both. Section 3089, provides that the making, uttering or delivering of a check, payment of which is refused by the drawee, "shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in. or credit with, such bank or other depository, provided such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees, within ten days after receiving notice that such check, draft or order has not been paid by the drawee."

By § 786 of Pope's Digest, the penalty for committing an overdraft has been changed. It provides: "That if any check or draft shall exceed the sum of $25, then any person who shall issue such checks or drafts in excess of $25, shall be deemed guilty of a felony, and upon conviction thereof, shall be imprisoned in the penitentiary not less than six months nor more than two years."

Appellant's principal contention is that he was not given ten days' notice of the failure of the bank to pay his check prior to his arrest. The fact is that he was arrested on the charge after notice of the nonpayment of his check within ten days, but he was not tried on said charge within that time. The docket entries of the justice of the peace show that the case was first set for trial on the 5th day of August, 1937, and that because appellant was not ready for trial, the case was reset for August 23. On the latter date, it was continued until September 3, when, after a hearing before the justice, he was bound over to await the action of the circuit court. It will, therefore, be seen that appellant was not actually tried on the charge until September 3, although

he had committed the offense on July 24, when he gave his check to the Hardy Sales Company in payment for some hogs and cattle which he had purchased from said company, in the sum of $475.80. In *Patterson* v. *State,* 194 Ark. 488, 107 S. W. 2d 545, this court said: " . . . The amended act makes it an offense to draw a check upon a bank, with intent to defraud, in which the drawer has no money or credit if the maker knows at the time that he does not have sufficient funds in or credit with the bank for the payment of the check, provided he does not make the check good within ten days after notice of the dishonor of the check."

As we have seen, by § 3089 of Pope's Digest, the giving of a check, payment of which is refused, "shall be *prima facie* evidence of the intent to defraud," etc. provided he fails to make the check good within ten days after receiving notice that it has not been paid by the bank on which it was drawn. The statute does not say that he shall have ten days' notice prior to his arrest. It may be that had he paid the check within ten days after notice of its dishonor, he would have been entitled to be discharged from the arrest. Great effort was made to get him to pay the check, but he refused to do so or to pay any part thereof. Having failed to pay the check within ten days after notice of its dishonor, the presumption arose under the statute that he had given said check with the intent to defraud. He offered no evidence to overcome the *prima facie* case. Should we hold, as appellant contends, that a person who gives a hot check has ten days after notice before he can be arrested on the charge, it would give such a criminal ten days in which to flee the jurisdiction without any reason therefor. The legislature did not so provide in the statute, and we decline to so construe it.

No error appearing, the judgment is affirmed.