GUISE v. STATE.

4126                                      131 S. W. 2nd 631

Opinion delivered June 19, 1939.

C. E. Yingling, for appellant.

Jack Holt, Attorney General, and Jno. P. Streepey, Assistant Attorney General, for appellee.

McHANEY, J. Appellant was indicted December 5, 1928, charged with overdrafting, in that on January 13, 1928, he drew a certain check upon the Bank of Searcy, Searcy, Arkansas, for the sum of $774.90, payable to the order of and delivered to G. B. McDaniel, without having sufficient funds in said bank to pay same to his knowledge and did not make prior arrangements with said bank to pay same and did not immediately thereafter deposit in said bank sufficient funds to pay same. He went to trial February 8, 1939, was found guilty and his punishment fixed by the jury at one year in the state penitentiary, upon which judgment was entered.

For a reversal of this judgment appellant argues that the state failed to prove the venue, that is, that the alleged crime was committed in Searcy county, and within the period of limitations prescribed by law. It is undisputed and the record affirmatively shows that appellant purchased 14 bales of cotton from G. B. and W. M. McDaniel on January 13, 1928, in Marshall, Arkansas, for which he issued his check drawn on the Bank of Searcy for $774.90, on which payment was refused because of lack of funds. Also that the 14 bales of cotton were shipped over the M. & N. A. Railroad from Marshall, Arkansas, to Searcy, Arkansas. When the question of failing to prove the venue was raised, the court stated that it would take "judicial notice that Marshall, Arkansas, is in Searcy county." This was correct. *Daniels* v. *State*, 168 Ark. 1082, 272 S. W. 833. See also § 26 of Initiated Act No. 3 of 1936, Acts 1937, p. 1384; *Brockelhurst* v. *State*, 195 Ark. 67, 111 S. W. 527. On the question of limitations, that is whether the proof shows the check was given within three years of finding of the indictment, the proof shows the cotton was sold and delivered to appellant in 1928 and the indictment was returned in December of the same year. This was within the three-year period.

The other question argued by appellant is the sufficiency of the evidence to support the verdict and judgment. We cannot agree that the verdict is without substantial evidence to support it. It was shown that the

check was delivered for the cotton which was delivered at the depot in Marshall and was promptly deposited in a bank there for collection. In due course it was presented to the Bank of Searcy and payment refused because of lack of funds. The cashier of the forwarding bank testified that he called appellant on the telephone and at appellant's request sent the check back again with the same result. W. M. McDaniels testified that he talked with appellant a number of times and was told by him he had received the cotton and he promised payment. Appellant testified to a state of facts that tended to exonerate him and the court instructed the jury as favorably as he requested, but the jury evidently did not accept his testimony nor that of his witnesses. He admitted himself that he bought the cotton at 18 cents and sold it for 22 cents per pound. He was given every opportunity to pay the check, but he declined to do so. The statute in force at the time makes it unlawful for any person to give a check on any bank without full authority to do so, or having such authority, "when there shall not be sufficient funds therein to cover the same, unless they shall have made prior arrangements with said bank . . . for said check or overdraft," provided, that if such person "shall, when notified of such check or draft, immediately make a deposit to cover same, they shall not be subject to the provisions of this act, . . ."

Appellant did have an arrangement with the bank by which he was permitted to overdraw to the extent of his collateral, but when his overdraft got larger than his collateral, the bank cut him off and took the collateral for the overdraft. He had no arrangement to take care of this particular check and when it reached the bank, payment was refused because appellant had already exceeded his collateral. There was substantial evidence to support the judgment, so it must be affirmed.