SMITH *v.* STATE.

4319                                              174 S. W. 2d 555

Opinion delivered October 4, 1943.

*Tom Kidd,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

McFADDIN, J. Appellant, P. L. Smith, by information filed on June 20, 1942, was charged with a misdemeanor in violating the overdraft law on June 23, 1941. This is an offense under § 3088 of Pope's Digest, which is the same as § 785A of Pope's Digest. From a conviction and fine of $50, there is this appeal.

The proof on the part of the State (and appellant offered none in contradiction) showed: that appellant gave the witness, Lamb, a check for $25, being $5 on account and $20 cash; that this check was returned by the drawee bank either because of insufficient funds or account closed; that Lamb notified appellant, who then gave Lamb another check (the one here involved) for the same amount on June 23, 1941; that the second check was returned by the drawee bank with the notation "account closed"; that Lamb notified appellant repeatedly that this second check was so returned; that appellant promised payment, but never paid the check over a period of months; and this prosecution followed. Appellant argues here four points for reversal: (1) limitations; (2) the giving of the check, here involved, was without any intent to defraud; (3) the State failed to prove that the check was ever presented for payment to the drawee bank; and (4) the State failed to prove that the appellant did not have funds in the bank to pay the check at the time it was given.

We consider and dispose of these contentions in the order named:

I. Limitations. As previously stated, the information against appellant was filed on June 20, 1942, and the check on which appellant was here prosecuted was dated and delivered on June 23, 1941. The limitation on the prosecution of appellant for misdemeanor is fixed at one year by § 3703 of Pope's Digest; so the argument on limitations is without merit.

II. The question of intent to defraud. The appellant argues that if there was ever any intent to defraud, it was when the first check was given and the $20 cash obtained (which was more than one year before the filing of the information herein), and that the second check

(the one on which this conviction is based) was without any intent to defraud and without appellant receiving any money on said second check. This argument is without merit. This is a prosecution under §§ 3088 and 3089 of Pope's Digest (and the same statute is found in §§ 785a and 785b of Pope's Digest). Other cases in this court construing these sections are: *Patterson* v. *State,* 194 Ark. 488, 107 S. W. 2d 545.; *Brewer* v. *State,* 195 Ark. 477, 112 S. W. 2d 976; *Guise* v. *State,* 198 Ark. 767, 131 S. W. 2d 631, and *Cousins* v. *State,* 202 Ark. 500, 151 S. W. 2d 658.

A study of the statute and the above cases shows that by §§ 3088 and 785a of Pope's Digest, the ingredients of the offense are: (1) intent to defraud; (2) making, drawing or delivering, (3) a check for the payment of money (4) on a bank, (5) knowing at the time that there were insufficient funds in the account to pay the check. By § 3089 and § 785b of Pope's Digest, the first essential (intent to defraud) and the fifth essential (knowledge of insufficient funds) may be shown by: (A) Refusal of payment by the drawee bank; and (B) failure of drawer (as appellant here) to make the check good within ten days after notice.

The proof here showed the items A and B just above listed, so there was thus a sufficient showing of intent to defraud on the check here involved. It is not essential to this prosecution that appellant should have received the money at the time the check here involved was given. He had received the money before, and the check was for payment of the money previously obtained. There is nothing in the statute here involved which requires that the consideration for the check should be a value received contemporaneously with the drawing of the check.

III. Proof of presentment to the drawee bank. Appellant argues that the State failed to prove that the check was ever presented to the drawee bank. At the trial, witness Lamb identified the check on which the prosecution was based. The check was offered in evidence and showed the bank stamp of the drawee bank and its notation, "Returned unpaid. Account closed." Another witness testified as to deposit of check in witness's bank

and the return of the check from drawee bank to witness's bank, and that Lamb had to take up the check from the witness. Appellant did not offer any specific objection to the introduction of the check or to any of this other evidence; and appellant did not preserve any kind of objection to the introduction of any of the evidence. Even if the notation on the check was not the best evidence of presentment, still the notation was some evidence, and no specific objection was offered. Objection against evidence must be made at the time or it is waived. *Laughlin* v. *Fisher,* 141 Ark. 629, 218 S.. W. 199 (headnote 5); *Phelan* v. *Bonham,* 9 Ark. 389 (headnote 2); and 64 C. J. 169.

We conclude, in the absence of objection preserved, that there was sufficient evidence of presentment to carry the case to the jury; so appellant's argument on this point is without merit.

IV.    Proof of insufficient funds. Appellant argues that the State failed to prove that the funds in the account were insufficient to pay the check; and this argument is also without merit. The statute, as already pointed out, provides that if the check is not paid by the drawer within ten days after notice to him, then there is a *prima facie* showing of insufficient funds. Witness Lamb testified that on the return of the check here involved, he repeatedly asked the appellant for the money to take up the check, and that appellant failed and refused to pay the check, and had not paid it even up to the time of the trial (March 22, 1943). This evidence was competent, relevant, material and substantial.

The judgment of the circuit court is in all things affirmed.