James Don LEATHERWOOD *v.* STATE

CA CR 99-522                                    11 S.W.3d 571

Court of Appeals of Arkansas
Divisions II, III, and IV
Opinion delivered March 1, 2000

*William M. Brown,* for appellant.

*Mark Pryor,* Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant James Don Leatherwood appeals his conviction for Felon in Possession of a Firearm. He alleges on appeal that the evidence is insufficient to support his conviction. We affirm.

We review a challenge to the sufficiency of the evidence in the light most favorable to the State and affirm the lower court's decision if there is substantial evidence to support the conviction. *Stewart v. State,* 338 Ark. 608, 999 S.W.2d 684 (1999).

On April 1, 1997, the appellant's wife called the police advising them that the appellant "pulled" a 30-06 on her. Mr. Leatherwood was arrested and the rifle recovered. The appellant was charged with violation of Ark. Code Ann. § 5-73-103 (Repl. 1997), Possession of Firearm by Certain Persons. The State alleged

that the appellant, having previously been convicted of a felony, possessed a firearm.

The appellant was tried by the Pulaski County Circuit Court. The State proved, and the appellant concedes, that Mr. Leatherwood was in possession of the rifle. However, the appellant argues that the State failed to show that the appellant was the same James Don Leatherwood that had a felony conviction from Texas.

The appellant objected to the introduction of the record of James Don Leatherwood for a felony conviction from Jefferson County, Texas. The following colloquy occurred between the attorney for the appellant and the court:

> MR. BROWN: Your Honor, I have some specific objections. If I may approach.
>
> THE COURT: All right, what are your objections?
>
> MR. BROWN: Your Honor, to all the pages that I've certified, Your Honor.
>
> There's not any certification of all these pages showing where it came from.
>
> Also, specifically, Your Honor, there is one case that is not a court document and not certified in any manner and it's listed as specifically investigator summary. It has no certification on it in any manner, no heading, no file mark, Your Honor, or anything. I have a specific objection to that.
>
> Also, Your Honor, the signatures here that it is signed by a judge and there's no judge presiding on that.
>
> MR. MARIANI: Your Honor, this was stapled together. It was certified. You'd have to look at the certification. This was what was sent to us from Texas authorities. It does state in here that he was a felon and that he was given two years in prison.
>
> THE COURT: All right, your objection is overruled. Let it be received over the Defendant's objection.

The appellant objected to the authenticity of the documents and not to relevancy or lack of foundation.

The documents contained the name James Don Leatherwood, Jr., with a date of birth on the grand jury indictment of November

7, 1960. The investigator's summary reflects a birth date of November 7, 1956. Several of the documents were signed by the appellant.

█ The court records in this case reflect that the appellant is James Don Leatherwood, Jr., with a date of birth of November 7, 1960. Several of the court documents are signed by the appellant. We cannot say that the conviction is not supported by substantial evidence. The Court had before it the documents from Texas showing a felony conviction for James Don Leatherwood and the grand jury's true bill that reflected a James Don Leatherwood, Jr., with a date of birth being November 7, 1960, the same name and date of birth contained on the Arkansas documents. Further, the Court had the appellant's signature from both documents to review. Surely, had the documents referred to been in regard to another James Don Leatherwood, the appellant would have objected on grounds other than authenticity.

Affirmed.

ROBBINS, C.J., PITTMAN, JENNINGS, STROUD, and MEADS, JJ., agree.

GRIFFEN, BIRD, and NEAL, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. The issue in this case is the sufficiency of the evidence and not whether the appellant objected to the State's evidence "on grounds other than authenticity." Furthermore, the scope or nature of the appellant's objection does not in any way relieve the State of its burden of proof. Unlike the majority, I am unwilling to hold that the State met its burden merely by producing evidence that a person in Texas with a similar name, who may or may not share the same birthday as the appellant, committed a felony. I would hold that the evidence presented by the State was insufficient to withstand the appellant's motion for a directed verdict, and would therefore reverse the appellant's conviction for being a felon in possession of a firearm.

At the close of the State's evidence, the appellant challenged the sufficiency of the State's evidence as follows:

APPELLANT'S COUNSEL: Move for a directed verdict, Your Honor, on the felony in possession. There's been absolutely no proof in the State's case that this James Leatherwood is that same James Leatherwood. They had an opportunity to put on his date of

birth, Social Security number in their case in chief. They did not. All they identified him as James Leatherwood. They haven't put on any evidence. There was no evidence linking this James Leatherwood to that James Leatherwood. The State has not proved it beyond a reasonable doubt, Your Honor, and they have not done that at this point. And also as I said, my objection to that certification. All the pages are certified. There is some hearsay documentation in there, Your Honor, so I move for a directed verdict on those charges.

COURT: Denied.

At the close of all of the evidence, the appellant renewed his motion for a directed verdict. It is true the appellant did not object to the evidence of a prior felony on the ground that the prior conviction was not his. Rather, he objected on the basis that the documents were not certified. While it may have been more prudent for the appellant to object on the grounds that the prior conviction was not his, he was not required to do so. Instead, he challenged the sufficiency of the evidence by a motion for a directed verdict, as he is allowed to do, arguing that the State presented no proof that the appellant is the same person who committed the felony in Texas, and noting the State's failure to present evidence of his birth date or Social Security number in its case-in-chief.

It is beyond question that the State must prove every element of its case beyond a reasonable doubt. When the State accuses a defendant of being a felon in possession of a firearm, the State must prove beyond a reasonable doubt that the person is a felon, that is, has been convicted of a prior felony. *See* Ark. Code Ann. § 5-73-103 (Repl. 1997). Stated another way, it was the State's burden in this case to prove that the person who committed the prior felony upon which this charge is based, is the appellant.

The evidence presented in this case consisted of: 1) testimony by the appellant's wife describing the assault and identifying the rifle that was used in the assault; 2) testimony by the officer concerning the confiscation of the rifle and the appellant's arrest; 3) admission of the rifle in question into evidence; and 4) exhibit A, which contained court documents showing that a person with a similar name committed a felony in Texas.

Exhibit A shows the Texas defendant was convicted of the felony offense of driving while intoxicated in December 1983. The Texas defendant's name and birthday are listed in the documents presented by the State as James Don Leatherwood, D.O.B. November 7, 1956, on an Investigator Summary, and as James Don Leatherwood, Jr., D.O.B. November 7, 1960, on the bill of indictment. The documents presented by the State also referred to the Texas defendant alternatively as James Don Leatherwood, Jr., James Don Leatherwood, and James Leatherwood. The defendant who committed the Texas offense consistently signed his name, "James D. Leatherwood."

The issue in this case is whether, in viewing the evidence in the light most favorable to the State, there was substantial evidence by which the trial court could determine the State met its burden of proving that the James D. Leatherwood who was convicted of a felony in Texas was the same James D. Leatherwood who was on trial for felony possession of a firearm in this case. Even viewing the evidence in the light most favorable to the State, the State's evidence fails to show beyond a reasonable doubt that the appellant is the same person who committed the Texas felony. It is sufficient for the majority that the Texas documents contain references to a person with the same name and date of birth as the appellant. However, even though it is undisputed that the appellant's birth date is November 7, 1956, the State never established the birth date of the *Texas defendant*, and most certainly did not establish that fact beyond a reasonable doubt. How can the State assert the birth date of the appellant is the same as the Texas defendant's when the State failed to prove which birth date is the proper birth date of the Texas defendant? Moreover, even if the State proved that the birth date of the Texas defendant was the same as the appellant's, it is chilling to contemplate that a similar name, even a very similar name, and an identical birthday, are sufficient proof of a person's identification, without additional documentary, fingerprint, pictorial, or testimonial evidence, to establish a person's identity for the purpose of convicting that person of a criminal offense. The fact that the appellant is named "Jr." indicates that there is *at least* one more person with *exactly* the same name.

The decision reached by the majority today sends the wrong message to prosecutors. The prosecution should never be relieved of its duty to prove every element of its case, whether that task is

onerous or not. However, the laxity on the part of the prosecution is particularly egregious here, where the State could have easily obtained a mug shot or fingerprint record, compared Social Security numbers, or elicited testimony from the appellant's wife, to prove the Texas defendant and the appellant in this case are the same person.

For the above reasons, I respectfully dissent, and am authorized to state that Judges BIRD and NEAL join in this opinion.