**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AMADO GARCIA,

    Defendant - Appellant.

No. 01-8098 and 02-8028
(D.C. No. 00-CR-101-03-D)
(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR** and **KELLY**, Circuit Judges, and **SHADUR**,[**] Senior District Judge.

---

Amado Garcia was convicted of various drug-related charges. He challenges his sentencing enhancement under 21 U.S.C. § 851, asserts a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), contends the district court erred by not immunizing a witness, and alleges ineffective assistance of counsel. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Milton I. Shadur, Senior District Judge, United States District Court, Northern District of Illinois, sitting by designation.

Mr. Garcia was originally charged with conspiracy to traffic in methamphetamine and possession with intent to deliver. A superseding indictment added heroin distribution to the conspiracy, along with possession of heroin with intent to distribute. Thereafter, the government filed an information under 21 U.S.C. § 851, indicating an intent to subject Mr. Garcia to an enhanced prison term under 21 U.S.C. § 841(b)(1)(A) based on a prior felony drug conviction. A jury convicted Mr. Garcia on all counts. A presentence report (PSR) was prepared and objections were filed. Mr. Garcia's trial counsel withdrew and was replaced for the sentencing and appeal process.

Mr. Garcia's first contends the district court erred in enhancing his sentence under 21 U.S.C. § 851. We review the legality of the sentence *de novo*. *See United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1246 (10th Cir. 1996). The government's § 851 information was served on Mr. Garcia's counsel. It included as attachments the relevant court records related to Mr. Garcia's 1989 drug felony conviction in Fresno County, California. The district court informed Mr. Garcia he had a right to have his attorney present during his interview with the probation officer in the preparation of the PSR, but Mr. Garcia's counsel did not attend.

The PSR reflected the arrest and conviction from Fresno County, as well as the subsequent revocation of Mr. Garcia's probation while serving the sentence for that offense. Mr. Garcia objected, contending the California "offense did not take

-2-

place" and the sentence enhancement was incorrect. The probation officer prepared an Addendum to the PSR, addressing all of the objections. This Addendum referred to Mr. Garcia's admission during the presentence interview of his involvement in the California offense and his incarceration for it.

At the sentencing hearing, the government presented a certified copy of the change of plea transcript from the Fresno County Superior Court for a case styled *People v. Amado Garcia*, a certified copy of a Fresno County Superior Court judgment in the same case, and a fax copy of a document bearing the same defendant's name and case number reporting the details of the sentence. Mr. Garcia contended the documents constituted hearsay and had nothing to do with him. The court agreed to accept the documents on the condition that the government show the defendant was the same man in both cases.

Mr. Garcia now argues that the documents presented by the government were not properly authenticated pursuant to FED. R. EVID. 901 and 902. However, the Federal Rules of Evidence are by their own terms expressly inapplicable to sentencing hearings. FED. R. EVID. 1101(d)(3). The sentencing court is required only to ensure that the information on which it relies has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). *See also United States v. Browning*, 61 F.3d 752, 755 (10th Cir. 1995). Most of the documents in this case were certified copies of public records, which are self-

authenticating under FED. R. EVID. 902(4). Thus, even if the Federal Rules of Evidence applied here, Mr. Garcia's argument would fail because the documents meet the standard of sufficient indicia of reliability.[1]

Mr. Garcia next asserts he was not personally provided with a copy of the information that specified a 1989 Fresno County, California, conviction as the basis for a sentence enhancement. However, under § 851(a) the government may serve either the defendant or his lawyer. The government met the requirements of the statute by serving Mr. Garcia's attorney.

Mr. Garcia also argues the court employed "improper procedures" in applying the enhancement, violating the rules of evidence, the Fifth and Sixth Amendments, and unspecified "applicable statutes." Beyond his earlier argument based on FED. R. EVID. 902, Mr. Garcia does not elaborate on what statutes apply or how they or the Fifth or Sixth Amendment were violated. We do not consider arguments not properly developed in the briefs. *See, e.g., Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992); *Philips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). *See also* FED. R. APP. P. 28(a)(9). As the Seventh Circuit has put it: "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

---

[1] The other documents were faxed from the Fresno County Superior Court to the clerk's office during the sentencing hearing while the district court waited, so there is little question of their reliability.

Mr. Garcia next contends *Miranda v. Arizona*, 384 U.S. 436 (1966), was violated when the district court relied upon his admission of the Fresno conviction in his interview with the probation officer. Our precedent conclusively forecloses this argument. We held in *United States v. Rogers*, 921 F.2d 975, 979-80 (10th Cir. 1990), that so long as defense counsel has not been affirmatively excluded, a voluntary post-conviction pre-sentence investigation interview does not constitute the sort of coercive interrogation environment governed by *Miranda*. The district court specifically informed Mr. Garcia he could have his attorney present at the interview if he wished.

Mr. Garcia further maintains the district court used the "preponderance of the evidence" standard rather than the "beyond a reasonable doubt" standard required by § 851(c)(1). He fails to support this contention with either explanation or specific citations to the record. While the district court did not specifically reference either standard by name, we presume the district court knows the requirements of the laws it applies absent evidence to the contrary. *See Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *Griego v. Padilla (In Re Griego)*, 64 F.3d 580, 584 (10th Cir. 1995). Because Mr. Garcia presented no specific evidence to the contrary, we apply the presumption and reject his contention of error.

Mr. Garcia's last argument regarding the § 851 enhancement concerns the

sufficiency of the evidence. We have already rejected his objections to the reliability of the documents establishing the fact that the conviction occurred. We therefore consider only whether the evidence was sufficient to show that Mr. Garcia is the same person as the Amado Garcia referenced in those documents. Mr. Garcia relies on *United States v. Green*, 175 F.3d 822 (10th Cir. 1999), to support his contention, but *Green* is distinguishable. In that case, there was an issue of matching aliases to real names, while here the defendant in the Fresno County case had exactly the same name as Mr. Garcia. Moreover, there was evidence that Mr. Garcia lived in Fresno at the time of the Fresno County conviction. Finally, Mr. Garcia explicitly admitted the conviction to the probation officer. All of the details of his admission correspond to the details of the Fresno County case described in the documents provided by the government. Viewing the evidence in the light most favorable to the government, we conclude a rational trier of fact could have determined "beyond a reasonable doubt" *id.* at 834, that the two Amado Garcias were one and the same person. The enhancement of Mr. Garcia's sentence based on the prior California conviction was therefore appropriate.

Mr. Garcia's second major issue on appeal fails as a matter of law. He contends that increasing the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from ten years to twenty years, based on his 1989 drug felony

conviction, violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  This argument is precluded by decisions of the Supreme Court and this circuit which conclusively hold to the contrary.

Mr. Garcia's maximum sentence was unaffected by the § 851 enhancement – it remained at life imprisonment.  Only the mandatory minimum was increased.  In *Harris v. United States*, 536 U.S. 545 U.S. 545 (2002), the Court held that facts only channeling a sentencing court's discretion within a maximum range already established by Congress are not elements, but sentencing factors.  *Id.* at 552-56. The Court rejected the argument that *Apprendi* applies to increases in minimum as well as maximum sentences.  *Id.* at 568-69.  Moreover, based on the Court's statement in *Almendarez-Torres v. United States*, 523 U.S. 224, 241 (1998), that issues of recidivism are sentencing factors which may be properly decided by the court rather than the jury, we have held that a prior conviction need not be a fact alleged in the indictment and submitted to the jury.  *United States v. Wilson*, 244 F.3d 1208, 1216-17 (10th Cir. 2001).  For these reasons, we reject Mr. Garcia's *Apprendi* claim as a matter of law.

Mr. Garcia also asserts the district court erred by not granting immunity to Reuben Garcia, a defense witness.  Although we review the court's refusal to grant immunity for abuse of discretion, *United States v. LaHue*, 261 F.3d 993, 1014 (10th Cir. 2001) (order in denial of rehearing), where, as here, the defendant did

not raise this issue in the district court, our review is limited to "plain error" under FED. R. CRIM. P. 52(b). We only correct "plain error" on appeal where it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See Jones v. United States*, 527 U.S. 373, 389 (1999) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Reuben Garcia was indicted as a co-conspirator, but pled guilty. Defendant sought to compel Reuben Garcia's testimony, proffering only a conclusory statement of his own noninvolvement in the conspiracy. The district court held a hearing on the motion to compel, but Reuben Garcia refused to testify based on his Fifth Amendment rights. At that time, it was apparent the court could not in fact compel Reuben Garcia's testimony, nor could it compel the government to seek immunity on his behalf. The defendant never asked the court to confer immunity on its own authority. At the end of the hearing, the court stated the matter was effectively concluded by the impasse. This scenario is wholly in line with our precedent in *United States v. Hunter*, 672 F.2d 815, 817 (10th Cir. 1982), *abrogation on other grounds recognized by United States v. Call*, 129 F.3d 1402, 1404 (10th Cir. 1997).

Finally, Mr. Garcia alleges the constitutional ineffectiveness of his trial counsel.[2] These claims are not reviewable on direct appeal. *See United States v.*

---

[2] We take the opportunity to note here that despite Mr. Garcia's protestations against his current appellate counsel and his continuing attempts to represent himself *pro se* in this appeal, we commend Mr. Pretty (the third attorney

*Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (deeming ineffective assistance claims on direct appeal "presumptively dismissible"). Only in the rare cases in which ineffective assistance claims have already been fully developed in the record can the court consider them on direct appeal. *See United States v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998); *see also Massaro v. United States*, 123 S. Ct. 1690, 1695-96 (2003). This is not one of those cases. There has been no factual development of these claims at all. If Mr. Garcia wishes to pursue them, he must bring these claims in a future 28 U.S.C. § 2255 proceeding.

Accordingly, we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

so far for Mr. Garcia) for the excellent job he has done in representing his client before us.