# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3784

_____

United States of America,      *
     *
         Appellee,      *    Appeal from the United States
     *    District Court for the District
     v.      *    of Nebraska.
     *
Ha T. T. Nguyen,      *        [UNPUBLISHED]
     *
         Appellant.      *

_____

Submitted: August 20, 2004
Filed: August 27, 2004

_____

Before SMITH, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ha T. T. Nguyen appeals the sentence the district court[*] imposed after Nguyen pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846, and a related forfeiture count. At sentencing, the district court admitted into evidence over Nguyen's objection the certified state records of three earlier uncounseled misdemeanor convictions, and the transcripts of the testimony of two witnesses who testified at the trial of co-defendant Adil Gasim

_____

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Al-Dabbi. Based on these exhibits, the court applied 3 criminal history points to Nguyen and imposed a 3-level role enhancement under U.S.S.G. § 3B1.1(b). We affirm.

On appeal, Nguyen contends the district court abused its discretion by admitting into evidence and relying on the certified state records of conviction, and alternatively the court erroneously assigned criminal history points for uncounseled misdemeanor convictions. We find the court did not abuse its discretion by admitting the records, <u>see</u> <u>United States v. Abanatha</u>, 999 F.2d 1246, 1250-51 (8th Cir. 1993), <u>cert. denied</u>, 511 U.S. 1035 (1994), or by deciding Nguyen was the individual convicted of the earlier crimes, as her first and last names were present on each record and she never denied she was the person convicted of the crimes, <u>cf.</u> <u>United States v. Roach</u>, 164 F.3d 403, 414 (8th Cir. 1998), <u>cert. denied</u>, 528 U.S. 845 (1999). We also find the court properly assigned criminal history points for Nguyen's earlier uncounseled misdemeanor convictions. <u>See</u> U.S.S.G. § 4A1.2, comment. (backg'd.).

Nguyen also contends the district court committed clear error in imposing the role enhancement under section 3B1.1(b). We find the court did not commit error because the transcribed witness testimony revealed that at least five individuals participated in the conspiracy, Nguyen played a significant role in the drug transactions, and at least one of the participants in the conspiracy was Nguyen's subordinate. <u>See</u> U.S.S.G. § 3B1.1(b); <u>United States v. Francis</u>, 367 F.3d 805, 824-25 (8th Cir. 2004); <u>United States v. Zimmer</u>, 299 F.3d 710, 723 (8th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1146 (2003).

We affirm the judgment of the district court.

_____