**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36382**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **2010 Opinion No. 64** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Filed: September 15, 2010** |
| **v.** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **DANIEL J. LAWYER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Judgment of conviction and sentence for felony driving under the influence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Daniel J. Lawyer appeals from his judgment of conviction for felony driving under the influence (DUI). Specifically, he contends there was insufficient evidence to sustain the enhanced charge and that the court abused its discretion in imposing sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Lawyer was charged with one count of driving under the influence, I.C. § 18-8004(1)(a), with a felony enhancement due to the allegation that he had previously been convicted of felony

1

DUI within the preceding fifteen years, I.C. § 18-8005(7)[1]. The case proceeded to a bifurcated trial. First, a jury found Lawyer guilty of driving under the influence and in the second portion of the trial, found that he had a prior felony DUI conviction within the past fifteen years.

The court entered a judgment of conviction and sentenced Lawyer to a unified term of seven years with two years determinate. Lawyer now appeals.

## II.

## ANALYSIS

### A. Sufficiency of the Evidence

Lawyer contends that there was insufficient evidence presented to prove that he had previously been convicted of felony driving under the influence. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The former conviction relied upon to invoke the persistent violator enhancement must be alleged in the indictment or information and proved at trial. *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006); *State v. Cheatham*, 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982). Thus, the state is required to establish the identity of the defendant as the person formerly convicted beyond a reasonable doubt. *Medrain*, 143 Idaho at 332, 144 P.3d at 37; *Martinez*, 102 Idaho at 880, 643 P.2d at 560. Where a defendant is not sufficiently identified as the same

---

[1] At the time of Lawyer's conviction this provision was codified as Idaho Code § 18-8005(7). It has subsequently been recodified as Idaho Code Section 18-8005(9). 2009 IDAHO SESS. LAWS, ch. 184, § 5.

individual who was previously convicted, the judgment of conviction finding him or her to be a persistent violator must be vacated. *State v. Polson*, 92 Idaho 615, 622, 448 P.2d 229, 236 (1968).

The evidence presented by the state to establish that Lawyer had previously been convicted of felony DUI within fifteen years was a certified copy of a 2001 judgment of conviction with an attached criminal complaint, both bearing the name "Daniel J. Lawyer" with an accompanying birth date. The arresting officer testified this identifying data matched the data on the driver's license Lawyer presented to him after he was pulled over in the instant case. The state also relied upon the fact the current incident and the prior conviction occurred in the same county. Lawyer contends this is insufficient for a reasonable jury to find that the state had proven beyond a reasonable doubt that he was the same person as that identified in the previous judgment of conviction.

In several instances, this Court has addressed the issue of the requisite proof required to identify the defendant as the same individual identified in the prior conviction. For instance, we held that a certified judgment of conviction accompanied by mug shots, fingerprint cards and testimony that those fingerprints were similar to the defendant's fingerprints constituted sufficient evidence to establish identity for purposes of the persistent violator enhancement. *Martinez*, 102 Idaho at 880, 643 P.2d at 560. On the opposite end of the spectrum, however, we held that a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, was insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *Medrain*, 143 Idaho at 332, 144 P.3d at 37.

Beyond *Martinez* and *Medrain*, what type of evidence is sufficient to allow a reasonable trier of fact to identify a defendant beyond a reasonable doubt as having been the same party implicated by the prior conviction is a matter of first impression in Idaho. A review of cases from other jurisdictions[2] suggests that proof of personally identifying facts is required. Such

---

[2] This review excludes those jurisdictions which adhere to the rule that the existence of an identical name raises the presumption of identity, *see United States v. Nguyen*, 111 Fed. Appx. 439, 440-41 (8th Cir. 2004), as this concept is incompatible with Idaho law. *See Medrain*, 143 Idaho at 332, 144 P.3d at 37 (holding that a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt); *Martinez*, 102 Idaho at 880, 643 P.2d at 560 (same).

evidence (often considered in conjunction with each other) includes fingerprints, *United States v. Garner*, 223 Fed. Appx. 792, 797 (10th Cir. 2007); *State v. Murphy,* 34 So. 3d 886, 889 (La. Ct. App. 2010); *State v. Wabashaw*, 740 N.W.2d 583, 593-94 (Neb. 2007); *State v. Perry*, 207 P.3d 1185, 1199 (N.M. Ct. App. 2009); a picture of the prior offender that could be compared to the defendant, *United States v. Sanchez-Garcia*, 461 F.3d 939, 947-48 (8th Cir. 2006); *Johnson v. State*, 936 So. 2d 672, 674 (Fla. Dist. Ct. App. 2006); *Parks v. State*, 921 N.E.2d 826, 834 (Ind. Ct. App. 2010); *State v. Callier*, 909 So. 2d 23, 32-33 (La. Ct. App. 2005); testimony from law enforcement or court officials that the defendant was the subject of the prior conviction, *People v. Skufca*, 141 P.3d 876, 884 (Colo. Ct. App. 2005) (overruled on other grounds by *People v. Skufca*, 176 P.3d 83 (Colo. 2008)); *Comm. v. Olivo*, 790 N.E.2d 698, 701-02 (Mass. App. Ct. 2003); admission to a parole officer of culpability in prior conviction, *United States v. Garcia*, 71 Fed. Appx. 781, 783 (10th Cir. 2003); and evidence of identical driver's license number, sex, race, and date of birth, *Murphy*, 34 So. 3d at 889.

This case, however, involves both personal and nonpersonal evidence of identity. That is, the pleadings of the prior conviction reflect the same name and date of birth and further involve the same crime committed in the same county.

Other states have found this combination of evidence to suffice. *See Hefferman v. United States*, 50 F.2d 554, 557 (3d. Cir. 1931) (holding that evidence of the same unusual name with the same address in the same city for the same offense of selling liquor in the same judicial district was sufficient to establish identity); *Leatherwood v. State*, 11 S.W.3d 571, 572 (Ark. Ct. App. 2000) (holding that where the court records in the present case and the records in a previous conviction reflected the same name and date of birth, as well as a signature, and the defendant did not object that he was not the same person as had been previously convicted, the evidence was sufficient to support his conviction); *State v. Bizer*, 216 P. 303, 305 (Kan. 1923) (holding that evidence of the same rather unusual name, that the former conviction was in same county and city as the present case where evidence showed defendant lived, and that the character of offenses was the same was sufficient to establish identity); *State v. Court*, 125 S.W. 451, 452-53 (Mo. 1910) (holding that evidence of the same name and that the former conviction was in same city and same court as the present case and the fact that the defendant did not offer any testimony to rebut the prima facie evidence of identity was sufficient to establish identity); *State v. Riley*, 213 S.W.3d 80 (Mo. Ct. App. 2006) (holding that although the social security number in the

4

information and the social security numbers in the previous convictions did not match, the rest of the identifying information--the first and last name and date of birth--did match, and was sufficient to establish the defendant's identity, particularly in light of the fact that the defendant did not claim he was not the individual named in the previous convictions); *State v. Aime*, 220 P. 704, 705 (Utah 1923) (holding that evidence of the same name, the fact that the previous conviction occurred in precinct of defendant's residence, and that although the defendant testified, he did not deny that he was the person described in the record of the previous conviction, was sufficient to establish identity).

The above-mentioned cases illustrate that a combination of personal and nonpersonally identifying evidence, when considered together, may at some point be sufficient to establish identity beyond a reasonable doubt. To hold otherwise is to require absolute certainty which the reasonable doubt standard does not require. Accordingly, we hold that in this case, the evidence of the previous conviction establishing the same name, same date of birth, same offense, and same county of conviction[3] is sufficient to establish identity beyond reasonable doubt.

## B.     Sentence Review

In the alternative, Lawyer asserts that, given any view of the facts, his unified sentence of seven years, with two years determinate, is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of

---

[3]     The complaint and affidavit of probable cause bear the same name, date of birth, and social security number as set forth in the prior conviction documents. However, the social security number was not presented to the trier of fact.

the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Admitting that the sentence is within the statutory maximum, Lawyer argues that nonetheless, his sentence was an abuse of discretion because the district court failed to properly consider the mitigating factors present in his case. Specifically, he asserts that the court failed to adequately consider his positive employment history and the support he has from family and friends.

The district court focused on the fact that this was Lawyer's sixth DUI conviction and yet Lawyer remained undeterred and continued to drive while drinking. The court stated:

> Mr. Lawyer, one of the things I have to consider, the most important thing I have to consider, is the protection of society. I'm afraid you're going to get behind the wheel of a car and go out and hurt somebody or kill someone. The court system hasn't been able to get your attention so far because you keep doing it. And so, I think the appropriate thing to do in this situation is to impose a prison sentence.

From this discussion, it is clear that the district court addressed the relevant sentencing objectives and, most importantly, properly applied the primary consideration in sentencing which must always be the protection of society. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994). To the extent that Lawyer argues that the court did not give proper weight to his employment history and support from friends and family by imposing a lesser sentence, he has not shown that the court abused its discretion. While the mitigating factors identified by Lawyer may have some relevancy to sentencing, a court is not required to assess or balance all of the sentencing goals in an equal manner. *See State v. Dushkin*, 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct. App. 1993). This is especially the case here, where the court identified a serious concern that the defendant continued to be a threat to society--circumstances which, for obvious reasons, cannot be overcome by the mere fact that Lawyer has held down a job and is receiving some support.

## III.

## CONCLUSION

There was sufficient evidence presented to establish the identity of Lawyer as having been the same Lawyer previously convicted of felony DUI within the preceding fifteen years. In

addition, the district court did not abuse its discretion in imposing sentence upon Lawyer's conviction for felony DUI. Accordingly, Lawyer's judgment of conviction and sentence for felony DUI is affirmed.

Chief Judge LANSING and Judge GRATTON, CONCUR.