## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37890

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 612 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 1, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL PATRICK MARTIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for felony driving under the influence and leaving the scene of an injury accident, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Michael Patrick Martin appeals from the judgment of conviction entered upon jury verdicts finding him guilty of felony driving under the influence and leaving the scene of an injury accident. I.C. §§ 18-8004(1)(a), 18-8007. Martin asserts that the state failed to present sufficient evidence from which the jury could find him guilty of felony driving under the influence. Specifically, Martin challenges the use of two prior misdemeanor judgments in enhancing the offense to a felony. We affirm.

In May 2007, Martin and several friends were celebrating Cinco de Mayo and drinking. During the evening, Martin and his estranged girlfriend, Britta Shannon, began arguing. Shannon and her friend, Juanita Ramirez, along with Troy Tunison and James Garner, left in a vehicle with Ramirez as the driver. Martin followed them in a separate vehicle. When Martin attempted to pass the Ramirez vehicle, it went off the road. As a result of the accident, Ramirez

1

and Garner died. Martin continued driving down the roadway. A subsequent blood alcohol test performed on Martin registered .10.

Martin was initially charged in Elmore County with two counts of second degree murder in relation to the deaths of Garner and Ramirez. A jury acquitted him of those charges, but the jury could not reach a decision on the included offenses of vehicular manslaughter. At the conclusion of a second trial on an amended information alleging two counts of vehicular manslaughter, the jury again could not reach a verdict. Prior to Martin's third trial, the state filed a new case alleging a charge of felony driving under the influence and felony leaving the scene of an injury accident. The charge of driving under the influence was enhanced to a felony based on an allegation that Martin had twice previously been convicted of driving under the influence. The two cases were consolidated for the third trial. At the conclusion of the third trial, the jury found Martin guilty of felony driving under the influence and leaving the scene of an injury accident. With the jury once again unable to reach a verdict on the vehicular manslaughter counts, the district court granted the state's motion to dismiss those charges. The district court entered a judgment of conviction and sentence from which Martin filed an appeal.

On appeal, Martin asserts there was insufficient evidence presented from which a jury could find him guilty of felony driving under the influence. Specifically, Martin contends the two judgments of conviction introduced as Exhibits 53 and 54 were inadequate to prove that he was the same person convicted in those prior cases.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

2

During the enhancement portion of his trial the state introduced, and Martin stipulated to the admission of, two prior judgments of conviction. Exhibit 53 is an Elmore County judgment of conviction from September 1999. The defendant's name in that case is Michael Martin and the date of birth on the judgment is May 22, 1982. The defendant signature line is signed, "Michael P. Martin." Exhibit 54 is also an Elmore County judgment of conviction from August 2004. The defendant's name in that case is Michael P. Martin and the date of birth on the judgment is May 22, 1982. Both judgments list an address for Martin located within Mountain Home, Elmore County, Idaho.

Martin claims on appeal that the state failed to produce any evidence connecting either judgment to Martin. He asserts that the state failed to produce fingerprints, mug shots, a comparison signature, or social security numbers in order to prove the necessary connection. Martin's argument, however, ignores evidence introduced in the state's case in chief and the most current Idaho case law.

In its case in chief, the state introduced Exhibits 51A and 52 in order to establish a chain of custody for Martin's blood alcohol content. These two exhibits list Martin's date of birth as May 22, 1982. In addition, during interviews with law enforcement officers investigating the accident in this case, Martin provided his date of birth as May 22, 1982.

The Idaho Supreme Court recently issued an opinion dispositive on the issue Martin raises. In *State v. Parton*, 154 Idaho 558, 300 P.3d 1046 (2013), the defendant asserted that, for the purposes of persistent violator status, a judgment of conviction listing the same name and date of birth were insufficient evidence from which the jury could find him guilty. Our Supreme Court disagreed. It stated:

> The [prior] judgment was admitted without objection. The name of the defendant on the judgment was "DARIN WILLIAM PARTON" and his date of birth was "08/31/71," which are identical to Defendant's full name and date of birth. No contradictory evidence was presented, nor was there any argument that Defendant had a common name. The jury was not required to reach its verdict beyond any possible doubt. It was only required to conclude, beyond a reasonable doubt, that the Darin William Parton named in the Washington judgment was the same Darin William Parton on trial in this case. The jury's verdict finding that it was is supported by substantial evidence.

*Id.* at 569-70, 300 P.3d at 1057-58.

Although cited and discussed in the state's brief, Martin failed to file a reply brief making any attempt to distinguish or address *Parton* and its holding. Furthermore, Martin's case is one involving the same crime in the same county, additional factors examined by this Court in *State v. Lawyer*, 150 Idaho 170, 244 P.3d 1256 (Ct. App. 2010). We conclude Martin has failed to establish that the state presented insufficient evidence to support the jury's verdict finding him guilty of felony driving under the influence based on two prior misdemeanor judgments of conviction for the same offense.

Martin's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**